IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANTHONY PERRY,<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>JAMES D. HARTLEY, Warden,<br><br>　　　　　　　　　　Respondent. | Case No. 1:10-cv-02226 MJS (HC)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**<br><br>**(Doc. 16)** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, James D. Hartley, as warden of Avenal State Prison, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 7, 14.)

**I.    PROCEDURAL BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections

pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction by jury trial on July 8, 2009, of unlawful possession of a dirk or dagger. (Clerk's Tr. at 105.) The trial court also found true enhancements and sentenced Petitioner to serve a determinate term of seven (7) years. (Id.)

Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate District, which was denied on July 15, 2010. (Answer, Ex. A, ECF No. 16.) Petitioner did not file a petition for review with the California Supreme Court, nor did Petitioner file any collateral challenges to the conviction in state court.

Petitioner filed the instant federal habeas petition on November 15, 2010. (Pet., ECF No. 1.) In his petition, Petitioner alleges that the trial court failed to consider mitigating factors in sentencing, and challenges the amount of restitution ordered.

Respondent filed an answer to the petition on May 25, 2011, and Petitioner filed a traverse on June 6, 2011. (Answer & Traverse, ECF Nos. 16-17.)

## II.   STATEMENT OF THE FACTS[1]

> At approximately 8:44 p.m. on April 7, 2009, Kings County Deputy Sheriff David Jones saw appellant walking through a complex of county buildings. Because these buildings were closed for business, Deputy Jones wanted to find out what appellant was doing there. The deputy got out of his patrol car and asked appellant, who was approximately 30 to 40 feet away, "what he was doing …." Appellant did not respond. Deputy Jones repeated his question and appellant responded he was homeless and that he was looking for cigarette butts, and immediately began walking rapidly toward the deputy, "in a dedicated or aggressive or determined manner." He appeared "agitated," as if he felt that Deputy Jones was "bothering him."
>
> When appellant approached, within 10 or 12 feet, Deputy Jones, who was standing beside his patrol car, ordered him to stop. Appellant did so, and the deputy asked him for proof of identity. Appellant produced a "California I.D." Deputy Jones approached appellant, took the I.D., and walked back to his patrol car; appellant remained standing at the curb.
>
> At that point Deputy Jones asked appellant if he had any weapons on his person. In response, appellant reached into a pocket in his pants and removed a dagger; it was approximately nine and three-quarter inches long, with a blade of five and one-half inches long. Deputy Jones

---

[1] The Fifth District Court of Appeal's summary of the facts in its July 15, 2010 opinion is presumed correct. 28 U.S.C. § 2254(e)(1).

2

drew his handgun and ordered appellant to drop the knife. Appellant became "upset" and was "kind of arguing with [the deputy] that it was a key chain," but "eventually" he dropped the knife to the ground. Shortly thereafter, the deputy placed appellant under arrest.

Procedural Background

The report of the probation officer (RPO) lists three circumstances in aggravation: appellant "has engaged in violent conduct, which indicates a serious danger to society"; his "prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness"; and his "prior performance on probation or parole was unsatisfactory." The probation officer found no circumstances in mitigation and recommended imposition of the upper term.

At the sentencing hearing, the court stated it intended to follow the probation officer's recommendation, and invited argument. Defense counsel, in arguing for imposition of the midterm, asserted that appellant's "conduct was not that egregious in this matter"; the knife was "merely in his possession"; and appellant "did not do anything to … utilize it."

The court, in stating its reasons for imposing the upper term, cited each of the circumstances in aggravation listed in the RPO and stated, "There doesn't appear to be any mitigat[ing] circumstances." Moments later, following the award of presentence credit and a discussion of other matters, and just prior to the conclusion of the hearing, the court asked both counsel, "Anything further before remand?" Defense counsel responded she had nothing further to raise, as did the prosecutor.

People v. Perry, 2010 Cal. App. Unpub. LEXIS 5585, 2-5 (Cal. App. 5th Dist. July 15, 2010).

## II. **DISCUSSION**

### A. **Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Kings County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2241(d); 2254(a). Accordingly, the Court has jurisdiction over the action.

### B. **Legal Standard of Review**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 326 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Under AEDPA, an application for a writ of habeas corpus by a person in custody under a judgment of a state court may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); Williams v. Taylor, 529 U.S. at 375 n. 7 (2000). Federal habeas corpus relief is available for any claim decided on the merits in state court proceedings if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### 1. Contrary to or an Unreasonable Application of Federal Law

A state court decision is "contrary to" federal law if it "applies a rule that contradicts governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable from" a Supreme Court case, yet reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) citing Williams, 529 U.S. at 405-06. "AEDPA does not require state and federal courts to wait for some nearly identical factual pattern before a legal rule must be applied. . . . The statue recognizes . . . that even a general standard may be applied in an unreasonable manner" Panetti v. Quarterman, 551 U.S. 930, 953 (2007) (citations and quotation marks omitted). The "clearly established Federal law" requirement "does not demand more than a 'principle' or 'general standard.'" Musladin v. Lamarque, 555 F.3d 830, 839 (2009). For a state decision to be an unreasonable application of clearly established federal law under § 2254(d)(1), the Supreme Court's prior decisions must provide a governing legal principle (or principles) to the issue before the state court. Lockyer v. Andrade, 538 U.S. 63, 70-

4

1   71 (2003).  A state court decision will involve an "unreasonable application of" federal law only if it is "objectively unreasonable."  Id. at 75-76, quoting Williams, 529 U.S. at 409-10; Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002). In Harrington v. Richter, the Court further stresses that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." 131 S. Ct. 770, 785 (2011), (citing Williams, 529 U.S. at 410) (emphasis in original).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  Id. at 786 (citing Yarborough v. Alvarado, 541 U.S. 653, 664 (2004)).  Further, "[t]he more general the rule, the more leeway courts have in reading outcomes in case-by-case determinations."  Id.; Renico v. Lett, 130 S. Ct. 1855, 1864 (2010). "It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court."  Knowles v. Mirzayance, 129 S. Ct. 1411, 1419 (2009), quoted by Richter, 131 S. Ct. at 786.

2.      Review of State Decisions

"Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the claim rest on the same grounds."  See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  This is referred to as the "look through" presumption.  Id. at 804; Plascencia v. Alameida, 467 F.3d 1190, 1198 (9th Cir. 2006).  Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, "does not require that there be an opinion from the state court explaining the state court's reasoning."  Richter, 131 S. Ct. at 784-85. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."  Id. ("This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").

Richter instructs that whether the state court decision is reasoned and explained,

or merely a summary denial, the approach to evaluating unreasonableness under § 2254(d) is the same: "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786. Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. at 75).  AEDPA "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." Id.  To put it yet another way:

> As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 786-87.  The Court then explains the rationale for this rule, i.e., "that state courts are the principal forum for asserting constitutional challenges to state convictions." Id. at 787. It follows from this consideration that § 2254(d) "complements the exhaustion requirement and the doctrine of procedural bar to ensure that state proceedings are the central process, not just a preliminary step for later federal habeas proceedings." Id. (citing Wainwright v. Sykes, 433 U.S. 72, 90 (1977).

### 3. Prejudicial Impact of Constitutional Error

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 121-22 (2007) (holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness). Some constitutional errors, however, do not require that the petitioner demonstrate prejudice. See Arizona v. Fulminante, 499 U.S. 279, 310 (1991); United States v. Cronic, 466 U.S. 648, 659 (1984).  Furthermore, where a habeas petition governed by AEDPA alleges ineffective

assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), the Strickland prejudice standard is applied and courts do not engage in a separate analysis applying the Brecht standard. Avila v. Galaza, 297 F.3d 911, 918, n. 7 (2002). Musalin v. Lamarque, 555 F.3d at 834.

### III.   REVIEW OF PETITION

#### A.   Exhaustion of State Remedies

Respondent contends that Petitioner has failed to exhaust his state remedies, and that his claims must be dismissed. The Court agrees.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

Here, Petitioner has not presented his claims to the California Supreme Court. The Court is considerate of Petitioner's interest in having the present case adjudicated, however it cannot properly hear his claims until they are presented in state court. As Petitioner has not exhausted with the California Supreme Court the claims he makes in his instant petition, his claims are not ready for federal adjudication.

Despite Petitioner's failure to exhaust his state remedies, the Court may review the claims on the merits to determine if they must be denied. See 28 U.S.C. § 2254(b)(2) ("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). The Court shall exercise its right to review and deny the claims, rather than allow Petitioner to attempt the futile exercise of exhausting claims that are without merit.

**B.     Petitioner Presents No Federal Question**

Here, Petitioner does not specifically identify a federal question. He asserts that the trial court failed to properly address mitigating circumstances in determining his sentence, but does not specifically allege any federal law issue in regard to his claim.

A claim of state sentencing error does not raise a federal constitutional question.

Lewis v. Jeffers, 497 U.S. 764, 783 (1990). The Ninth Circuit has refused to consider state law errors in the application of state sentencing law. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993); Miller v. Vasquez, 868 F.2d 1116 (9th Cir. 1989) (refusing to examine state's determination that a prior was a serious felony); Johnson v. Arizona, 462 F.2d 1352, 1353-54 (9th Cir. 1972) (rules of sentencing adopted by state court do not raise constitutional issues which may be reached by habeas corpus); Adams v. Eyman, 418 F.2d 911 (9th Cir. 1969); Sturm v. California Adult Authority, 395 F.2d 446, 448 (9th Cir. 1967). Therefore, to the extent that Petitioner claims that there was a violation of California law relating to sentencing, he does not state a cognizable federal question. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Petitioner also challenges the imposition of a $1,400 restitution fine under California Penal Code § 1202.4 (Pet. at 11.) This claim is not cognizable on federal habeas review. A federal court may entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Ninth Circuit has held that "§ 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence." Bailey v. Hill, 599 F.3d 976, 981-82 (9th Cir. 2010); see also United States v. Thiele, 314 F.3d 399, 400 (9th Cir. 2002) (claim challenging a restitution fine is not cognizable basis for habeas relief because such claims do not challenge the validity or duration of confinement); United States v. Kramer 195 F.3d 1129, 1130 (9th Cir. 1999) (same); Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998) (imposition of fine is "merely a collateral consequence of conviction" and, as such, is not sufficient to establish federal habeas jurisdiction). Petitioner has not raised any federal claims of relief, and his petition is without merit and must be denied.

**IV.  CONCLUSION**

Petitioner is not entitled to relief with regard to the claims presented in the instant

petition. The Court therefore orders that the petition be DENIED.

## V. **CERTIFICATE OF APPEALABILITY**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or

the existence of mere good faith on his . . . part." <u>Miller-El</u>, 537 U.S. at 338.

In the present case, the Court finds that no reasonable jurist would find the Court's determination that Petitioner is not entitled to federal habeas corpus relief wrong or debatable, nor would a reasonable jurist find Petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DENIED;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   May 31, 2013                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE